(93 South. 412)

**BOWEN, Justice of Peace, v. STATE ex rel. CHAMBERLAIN, Sol. (1 Div. 238.)**

(Supreme Court of Alabama. June 29, 1922.)

**Justices of the peace ⬦⟶10—Motion to quash and dismiss in impeachment proceedings should have been granted.**

Under Code 1907, § 7124, as to investigation by grand jury of official misconduct, in impeachment proceedings against a justice of the peace, *held*, that defendant's motion to quash and dismiss the information, and to quash the grand jury report on which the information was based, should have been granted.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Impeachment proceeding instituted by the Circuit Solicitor against J. G. Bowen, a Justice of the Peace. From a judgment removing him from office, Bowen appeals. Reversed and rendered.

R. P. Roach, of Mobile, for appellant.

The motion to quash the information because of insufficiency of grand jury report should have been granted. Code 1907, § 7124; 64 Ala. 226; 89 Ala. 1; 181 Ala. 439, 61 South. 345; 184 Ala. 221, 63 South. 942; 180 Ala. 458, 61 South. 491.

B. B. Chamberlain, Sol., of Mobile, for appellee.

Brief of counsel did not reach the Reporter·

MILLER, J. This is an impeachment proceeding, commenced by information filed by the solicitor of the Thirteenth judicial circuit, based on a recommendation and report of the grand jury, against J. G. Bowen, a justice of the peace, for willful neglect of duty and incompetency. The cause was tried by the court without a jury. Defendant's motion to quash and dismiss the information and grand jury report was refused, his demurrers were overruled to the information as amended, and on the hearing the defendant was declared guilty as charged in the information, and he was ordered removed by the court from the office. The appeal is from this judgment, which is assigned as error.

It is—

"the duty of every grand jury to investigate and make diligent inquiry concerning any alleged misconduct or incompetency of any public officer in the county, which may be brought to their notice; and if, on such investigation and inquiry, they find that such officer, for any cause mentioned in this chapter, ought to be removed from office, they shall so report to the court, setting forth the facts, which report shall be entered on the minutes of the court." Section 7124, Code 1907.

Whenever it appears from the report of the grand jury that any justice of the peace ought to be removed from office for any cause mentioned in section 7099 of the Code of 1907, then it shall be the duty of the solicitor of the circuit court to institute proceedings, and prosecute the same against the officer. Section 7125, Code 1907. In State v. Seawell, 64 Ala. 225, this court, speaking through Justice Stone, said:

"We will not say the report must set forth the misconduct complained of, with that degree of accuracy usually required in pleading; but a succinct statement of the facts, the nature and description of the acts of official malversation charged, must be shown, alike as a guide to the solicitor and a protection to the accused."

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In this case the court held that, unless the grand jury—

"report contains a succinct statement, showing the nature and description of the acts of the official misconduct charged, it is insufficient to uphold the proceedings."

It was approved in State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426, and Justice Clopton wrote for the court on this subject:

"No greater fullness of description of the acts, and less accuracy of statement, is required in such report, than in an indictment."

A copy of this grand jury report is attached to and made a part of the information filed by the solicitor as the basis of his information against the defendant. That part of the grand jury report applicable reads as follows:

"From our investigation, we are confident, that Joseph G. Bowen, a justice of the peace of this county, has, in spite of the law, issued search warrants to officers of the law enforcement department, without first requiring such officers so obtaining such search warrants to sign and swear to the affidavit. We found that, instead of complying with the law in reference to the issuance of search warrants, the said Bowen, as such justice of the peace, executed search warrants in blank and delivered them to the said officers of the State Law Enforcement Department, with the understanding that such officers shall use them as they see fit, filling out the blanks. We understand from your honor's charge that it is the purpose of the law to protect a man in his home from unreasonable searches, and with this view in mind the Legislature has prohibited the very thing that has been done hereinbefore stated. We found that the homes of some of our citizens have been searched on search warrants as stated herein, and we wish to condemn the practice of issuing search warrants without first complying with the requirements of the law. We feel that, in view of the action of the said Bowen, as herein stated, it is our duty to, and we do hereby, recommend that impeachment proceedings be immediately instituted against said Bowen as such justice of the peace."

It does not state such warrants were signed and issued in blank by the defendant as a justice of the peace, to be filled out afterwards by the officer, naming him, without probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched, as required by section 7759 of the Code of 1907. It states no affidavit was made and signed by the officer. The report does not state it was issued by the defendant without affidavit from any one. The grand jury report does state the defendant, as a justice of the peace, issued the search warrants in blank, and delivered them to the officer to be filled out and used as he saw fit,

without examining under oath the complainant or any person, and without taking his deposition in writing, and without causing it to be subscribed by him, and that the deposition did not set forth facts tending to establish the grounds of the application for the search warrant. Section 7760, Code 1907. The grand jury report does not state in substance that search warrants were issued in blank by defendant, to be filled in afterwards by the officer as he saw fit, "without first requiring the officer so obtaining such search warrants to sign and swear to the affidavit. The law does not require the law enforcement officer to make the affidavit. The affidavits may have been made and signed by another person, or persons other than the officer, before the search warrants were signed by the defendant and delivered to the law-enforcing officer to be filled out to correspond with the affidavit.

There is nothing in the report to the contrary. The grand jury report did not, in these words or their equivalent, as the statute requires, state that "we find the defendant ought to be removed from the office" of justice of the peace. Section 7124, Code 1907. No special facts are set forth in it clearly, as the statute contemplates; no name, no person, no place, no particular paper, no ground for the search warrants, no object of the search warrants, and no nature of the search warrants is mentioned in the grand jury report. It gives the name of no home searched. It gives the name of no officer to whom the search warrants were delivered. It does not state the nature or purpose of the search warrant; whether they were issued to search for prohibited liquors in prohibited places kept for unlawful purposes, or for stolen or embezzled property. Neither the name of the person, nor description of the property, nor the places to be searched, is mentioned in the report. The name of no officer of the law-enforcing department is mentioned in it, to whom the blank search warrants were delivered.

There is nothing in this report to the grand jury on which the solicitor could base impeachment proceedings against the defendant for incompetency. Neither the report nor the information aver facts showing incompetency of the defendant as a justice of the peace. Each seems to be based on willful neglect of duty by the defendant. Are the facts stated by the grand jury report sufficiently clear and succinct to base an impeachment charge of willful neglect of duty by the defendant as a justice of the peace in an information filed by the solicitor? The information filed by the solicitor charges the defendant with willful neglect of duty: it is based on the facts stated in the grand jury report, and this report is made a part of the information. Do the facts stated in the report constitute a willful neglect of duty

under the Constitution (section 173), for which an official can be impeached?

In writing of the causes of removal from office in State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426, Justice Somerville wrote, and it was approved by this court again in Nelson v. State, 182 Ala. 461, 62 South. 189:

"They all tend, more or less, to reflect upon the dignity of office, to generate disrespect for the law, through the want of worth, moral or intellectual, in the officer, to create dissatisfaction among the people with their government, and to thus seriously cripple the administration of justice in all its departments."

In Nelson v. State, 182 Ala. 461, 62 South. 193, this court wrote:

"Our conclusion is that the Constitution does not intend that proof of an isolated technical violation of law shall inflexibly require a judgment of 'impeachment; that the willful neglect of which it speaks means more than the merely intentional omission of an act of public duty; that, to justify removal from office, it must appear that the incumbent is morally or mentally unfit; that unfitness is an inferential fact, to be found by the jury which the Constitution guarantees in the cases of officers impeachable in the circuit or other court of like jurisdiction."

Before a justice of the peace can be impeached under section 173 of the Constitution, and section 7099 of the Code for willful neglect of duty, it was intended that the duty must be an official duty, and it must be neglected willfully by the officer, and the facts showing his willful neglect of the duty must disclose the officer—by inference at least—unfit morally or mentally for the office. Nelson v. State, 182 Ala. 461, 62 South. 189. When the impeachment of a justice of the peace is sought on the ground of willful neglect of duty, on information filed by the solicitor, based on the report of the grand jury, and the grand jury report is made a part of the information, then, to make the information sufficient, the report of the grand jury must "set forth the facts" constituting the "willful neglect of duty" by the defendant, the officer; it must set forth the facts constituting his act or his acts of omission of the official duty; this act or these acts of omission of the official duty must appear from the facts in the report of the grand jury to be willfully omitted by the officer; and they must indicate, by inference at least, his moral or mental unfitness for the official position. Nelson v. State, 182 Ala. 461, 62 South. 189; State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426; State v. Seawell, 64 Ala. 225.

The solicitor in this case has no authority to institute this impeachment proceeding, except under that report of the grand jury. The information filed by the solicitor refers to two blank affidavits, and two blank search warrants, all four signed by the defendant as justice of the peace, and makes them a part of the information, and the willful neglect of duty by the defendant as justice of the peace is based on them in the information; yet, from the report of the grand jury, we see no reference to these identical papers, and we have no means from the record of knowing that the grand jury report was based on them. This should clearly appear from the grand jury report. The impeachment proceedings by the information must be based on the facts on which the grand jury made their report. State v. Seawell, 64 Ala. 225. The report of the grand jury, made a part of the information, is too vague, indefinite, and uncertain to support the information filed by the solicitor, and to uphold the impeachment proceedings. The defendant's motion to quash and dismiss the information, and to quash the grand jury report, on which the information is based, should have been granted. Such a judgment will be here rendered by this court. Seawell's Case, 64 Ala. 225; State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426; Nelson v. State, 182 Ala. 461, 62 South. 189.

Reversed and rendered.

THOMAS, J., concurs.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur in conclusion only.